UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMAHLL TODD,     Petitioner,

v.     Civil Action No. 3:17-cv-P575-DJH

WARDEN RANDY WHITE,     Respondent.

\* \* \* \* \*

## MEMORANDUM OPINION

Petitioner Jamahll Todd filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Docket No. 1). On preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court directed Petitioner to show cause within 30 days why his petition should not be dismissed as untimely. More than 30 days have passed, and Petitioner has not filed a response.

Petitioner's conviction became final, for purposes of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), on March 18, 2013,[1] 30 days after the trial court entered judgment and the last date that he could have filed an appeal under Rule 12.04(3) of the Kentucky Rules of Criminal Procedure. According to the petition, Petitioner did not file any collateral attacks of his state court conviction until February 12, 2014, which is 331 days after his conviction became final. Thus, at that time, only 34 days remained in the one-year period.

Once Petitioner's state-court post-conviction motion was filed, the AEDPA one-year limitations period was tolled. *See* 28 U.S.C. § 2244(d)(2); *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001). The Kentucky Court of Appeals affirmed the circuit court's denial on January 13, 2017. At that point, the AEDPA's one-year limitations began to run again, and thus

---

[1] The time for filing an appeal actually expired on March 16, 2013. However since that date was a Saturday, the time ran until the following Monday, March 18, 2013. Ky. R. Civ. P. 76.40(1); Ky. R. Civ. P. 6.01.

the one-year period expired on February 16, 2017, 34 days later.  Petitioner did not file the instant § 2254 petition in this Court until September 12, 2017, 208 days after the one-year period expired.

The statute of limitations in 28 U.S.C. § 2244(d)(1) is not jurisdictional, and it is subject to equitable tolling.  *Sherwood v. Prelesnik*, 579 F.3d 581, 587-88 (6th Cir. 2009).  "To be entitled to equitable tolling, [Petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."  *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In the portion of the petition form asking for an explanation why the one-year statute of limitations does not bar the petition if the judgment of conviction became final more than one year ago, Petitioner states that his trial attorney failed to tell him of the one-year statute of limitations.  He states that if he had been made aware of the one-year limitations period he would have filed his RCr 11.42 motion within six months after final judgment.  However, even assuming that Petitioner was not made aware of the one-year limitations period, "'ignorance of the law alone is not sufficient to warrant equitable tolling.'"  *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)).  Consequently, Petitioner has offered no reason why his § 2254 petition should be considered timely.  Accordingly, for the reasons stated herein and in this Court's prior Order (DN 10), the Court finds that the Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 must be denied as untimely under 28 U.S.C. § 2244(d).

## CERTIFICATE OF APPEALABILITY

An individual, who unsuccessfully petitions for writ of habeas corpus in a federal district court and subsequently seeks appellate review, must secure a certificate of appealability (COA) from either "a circuit justice or judge" before the appellate court may review the appeal. 28 U.S.C. § 2253(c)(1). A COA may not issue unless "the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

When a district court denies such a motion on procedural grounds without addressing the merits of the petition, a COA should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

When a plain procedural bar is present and a court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the court erred in dismissing the petition or that the petitioner should be allowed to proceed further. *Id*. In such a case, no appeal is warranted. *Id*. The Court is satisfied that no jurist of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

The Court will enter an order consistent with this Memorandum Opinion.

Date: March 24, 2018

David J. Hale, Judge
United States District Court

cc: Petitioner, *pro se*
    Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
      1024 Capital Center Drive, Frankfort, KY 40601
4415.009